** NOT FOR PRINTED PUBLICATION **

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| SENTRY SELECT INSURANCE CO. a/s/o GULFCO INDUSTRIAL EQUIPMENT, INC. AND GULFCO INDUSTRIAL EQUIPMENT L.P., <br><br>*Plaintiff*, <br><br>v. <br><br>R&R MARINE INC. *et al*, <br><br>*Defendants*. | Civil Action No. 1:10-CV-553 <br><br> JUDGE RON CLARK |

## ORDER SUSTAINING OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS

The court referred this matter to United States Magistrate Judge Earl S. Hines for pretrial proceedings, pursuant to a referral order entered on September 13, 2010. On August 4, 2011, the case was reassigned to United States Magistrate Judge Zack Hawthorn. Judge Hawthorn filed his Report and Recommendations on August 19, 2011, recommending that the court deny Plaintiff Sentry Select Insurance Co.'s motion for summary judgment, grant Defendant National Liability and Fire Insurance Co.'s motion for summary judgment, and deny Defendant R&R Marine, Inc.'s motion for partial summary judgment. Doc. # 52. Sentry Select and National Liability's motions argued opposite sides of the same issue, namely whether Sentry Select is entitled to a direct action against National Liability. Sentry Select was the only party that filed objections to the Report and Recommendations. Doc. # 55.

The court has conducted a careful *de novo* review of the objections to the Report and Recommendation[1] and, based on the relevant pleadings, motions, exhibits, and orders, now sustains Sentry Select's objections. The court adopts those portions of the Report and Recommendation to which no objections were made.

**BACKGROUND**

Between November 2006 and August 2008, Gulfco Industrial Equipment, Inc. and Gulfco Industrial Equipment, L.P. (collectively "Gulfco") leased fourteen pieces of equipment to Defendant R&R Marine, Inc. and its affiliates ("R&R Marine"). In September 2008, the equipment was damaged by Hurricane Ike. Gulfco made a claim with its insurer, Plaintiff Sentry Select Insurance Co. ("Sentry Select"), which paid out over $1,000,000 to Gulfco. In September 2010, Sentry Select, as subrogee to Gulfco's rights, filed this suit against R&R Marine and its insurer, Defendant National Liability & Fire Insurance Co. ("National Liability"). Sentry Select alleges a negligence claim against R&R, and a breach of contract claim against both R&R Marine and National Liability.

The parties then filed a number of summary judgment motions. Relevant to these objections, Sentry Select, as the subrogee to Gulfco's rights, moved for summary judgment on the grounds that it was entitled to sustain a direct action against National Liability pursuant to the rental agreement between Gulfco and National Liability's insured, R&R Marine. Sentry Select's theory was that it was entitled to the direct action because the Gulfco rental agreement with R&R Marine required R&R Marine to obtain insurance on the leased equipment for Gulfco's benefit.

---

[1] On dispositive motions referred to a Magistrate Judge, the court reviews *de novo* any portion of the Magistrate Judge's recommendation to which proper objections have been made. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

The Magistrate Judge recommended that the court deny Sentry Select's summary judgment motion, on the grounds that Sentry Select was not entitled to a direct action since Gulfco was not named in the insurance policy between R&R Marine and National Liability, and the Gulfco rental agreement did not require R&R Marine to obtain insurance on the leased equipment for Gulfco's benefit. The Magistrate Judge concluded that the Gulfco rental agreement did not demonstrate that the parties intended for Gulfco to have the right to recover under the insurance policy R&R Marine obtained.[2]

## DISCUSSION

The primary issue to be decided is whether Sentry Select, as subrogee to Gulfco's rights, is entitled to a direct action against R&R Marine's insurer, National Liability, even though Gulfco is undisputedly not named as an insured in the policy between R&R Marine and National Liability, but is instead the lessor of certain damaged equipment to R&R Marine.

The general rule under Texas law is that a stranger to an insurance policy may not maintain a direct action on the policy, *Cable Commc'ns Network v. Aetna Cas. & Surety Co.*, 838 S.W.2d 947, 950 (Tex. App. — Houston [14th Dist.] 1992, no pet.). There is an exception when a lessee (R&R

---

[2]As to the other summary judgment motions, the Magistrate Judge recommended that the court grant National Liability's motion for summary judgment and deny R&R Marine's motion for partial summary judgment. National Liability's motion for summary judgment is the flip-side of Sentry Select's motion, arguing that Sentry Select is not entitled to a direct action against National Liability because Gulfco is a stranger to the policy and the Gulfco rental agreement did not require R&R to obtain insurance on the leased equipment for Gulfco's benefit. R&R Marine's motion for partial summary judgment argues that the damage to the leased equipment was due to an act of God—Hurricane Ike—rather than by R&R Marine's own negligence. This issue is unrelated to that raised in Sentry Select and National Liability's summary judgment motions, and no objections have filed to the Magistrate Court's recommendation that R&R Marine's summary judgment motion be denied. Therefore, the court need not address the merits of the Magistrate Judge's conclusions on this point, and adopts the Report and Recommendation to the extent that it denied R&R Marine's motion for partial summary judgment.

Marine) promises the lessor (Gulfco) that the leased property will be insured for the lessor's benefit, and fails to do so. *Id.*

Sentry Select argues that the Magistrate Judge's interpretation of the Gulfco rental agreement was too narrow, and that, properly construed, the Agreement demonstrates that R&R Marine was required to obtain insurance on the leased equipment for Gulfco's benefit. The court agrees, for the reasons discussed below.

**A.     The relevant contractual provisions**

Endorsement No. 4 to the policy issued by National Liability to R&R Marine is entitled "Contractor's Equipment Leased or Rented From Others." This Endorsement states that:

> The insurance provided under this Coverage Form for property of others in your care, custody, or control is amended as follows:
>
> A. This endorsement applies only to contractor's equipment you acquire under a rental or lease agreement . . . .

Doc. # 40-4 at NLFIC0008.

The Gulfco/R&R Marine rental agreement is also relevant, and reads, in pertinent part, as follows:

> 5.     DAMAGE TO EQUIPMENT: CUSTOMER [R&R Marine] shall be liable to GULFCO for all loss or damage to the Equipment in its possession.
>
> 7.     INSURANCE. CUSTOMER shall, at its own expense, (i) maintain public liability and property insurance to protect the CUSTOMER and GULFCO against damage to property or persons from the operation, handling or transportation of the said equipment during the rental period, (ii) insure the Equipment for the loss by fire, theft, damage or other risk of loss customarily insured against on equipment such as the Equipment, (iii) maintain marine insurance on marine equipment and (iv) maintain such other insurance as may be requested by GULFCO. All of such insurance shall be maintained in amounts satisfactory to GULFCO. Upon request, CUSTOMER shall provide GULFCO with proof of any such insurance.

> 18. USE AND MAINTENANCE . . . CUSTOMER, at its own expense, shall maintain the Equipment in good operating order, repair and condition and shall perform maintenance at least as frequently as stated in the applicable operator's guide, service manual or maintenance guide. CUSTOMER shall not alter the Equipment or affix any accessory to it if doing so would impair its originally intended function or use or reduce its value.

Doc. # 40-2 (punctuation, capitalization, and grammar preserved from original).

**B.    The Magistrate Judge's Report and Recommendation**

The Magistrate Judge concluded that:

> The plain language of the Gulfco Lease Agreement does not require R&R to obtain insurance for loss by fire, theft, damage, or other risk of loss on the leased equipment for Gulfco's benefit . . . [T]he Gulfco Lease Agreement requires R&R to obtain insurance to protect Gulfco against damage only to property from the operation, handling, or transportation of the leased equipment during the rental period . . . This is the only provision in the lease that requires insurance to be obtained for Gulfco's benefit. When the lease requires R&R to insure the leased equipment in subsection (ii), Gulfco is not mentioned.

Doc. # 52 at 8.

The Magistrate Judge went on to reason that subsection (ii) "make more sense when Paragraph 5 of the lease is also considered." *Id.* Paragraph 5 of the Gulfco rental agreement states as follows: "DAMAGE TO EQUIPMENT. CUSTOMER shall be liable to GULFCO for all loss or damage to the Equipment in its possession." Doc. # 40-2. When taken in conjunction with Paragraph 7, the two paragraphs

> require R&R to insure the equipment for 'R&R's benefit' because R&R would be liable to Gulfco for damages incurred on the equipment. In other words, if R&R were ever to receive insurance proceeds on the damaged equipment, those proceeds would provide the necessary funds for R&R to satisfy any obligation owed to Gulfco under Paragraph 5 of the lease.

Doc. # 52, at 9. According to the Magistrate Judge, the parties' intent was "clear. Gulfco is incidentally benefitted by Paragraph 7, but the paragraph does not expressly provide that Gulfco has a right to recover from R&R's insurer." *Id.*

5

The Magistrate Judge also cited other support for his conclusion, including: (1) the rule that if the Gulfco rental agreement was unclear, and ambiguities in drafting are construed against the drafter of the Agreement (Sentry Select, as Gulfco's subrogee); and (2) the fact that R&R did not obtain coverage from National Liability until months after the Gulfco rental agreement went into effect and, if R&R believed it needed to obtain insurance for Gulfco's benefit under the Agreement, it surely would have done so earlier. *Id.* at 9-10.

**C.     Analysis**

While the court agrees that the Magistrate Judge has correctly recited the law and applicable contract provisions, the court respectfully disagrees as to the ultimate conclusion.

The court looks to the four corners of an unambiguous lease to determine the intent of the parties. *Anadarko Petroleum Corp. v. Thompson*, 94 S.W.3d 550, 554 (Tex. 2002); *Coker v. Coker*, 650 S.W.2d 391, 393 (Tex. 1983). In applying this "four corners rule," the court is not to look at the parties' current interpretation of the agreement, nor at the parties' subjective intent. *Wright Group Architects-Planners, P.L.L.C. v. Pierce*, 343 S.W.3d 196, 200 (Tex. App. — Dallas 2011, no pet.).

When Paragraph 7 of the Gulfco rental agreement is considered as a part of the whole contract, the only conclusion that can be drawn is that the parties intended that R&R would obtain and maintain several different categories of insurance for the benefit of Gulfco. It is true that Paragraph 7 does not actually include the language "for the benefit of Gulfco" or "to protect Gulfco" in any context other than insurance to property or persons from the operation, handling, or transportation of the rented equipment. However, none of the cases cited by the parties or by the Magistrate Judge require any specific "magic" language to be present in the agreement. *See, e.g.*, *Cable Commc'ns*, 838 S.W.2d 947; *Tillerson v. Highrabedian*, 503 S.W.2d 947 (Tex. Civ. App. —

6

Houston [14th Dist.] 1973, writ ref'd n.r.e.); *Farmers Ins. Exch. v. Nelson*, 479 S.W.2d 717 (Tex. Civ. App. — Waco 1972, writ ref'd n.r.e.).

The equipment belonged to Gulfco, and R&R was liable for all loss or damage to the equipment. Under no plausible scenario could the parties have intended that the equipment would be damaged or destroyed, and R&R would keep the proceeds of the insurance. Likewise, it is implausible that the provision was intended mainly to force R&R to pay useless premiums to an insurance company that would not pay, when the property was destroyed.

The last two sentences in Paragraph 7 provide that "[a]ll of such insurance shall be maintained in amounts satisfactory to GULFCO. Upon request, CUSTOMER shall provide GULFCO with proof of such insurance." Doc. # 40-2. There is no reason, other than to protect Gulfco, that these sentences would be included: if the insurance was not intended for Gulfco's benefit, there is no reason for Gulfco to have approval of the amounts and to be able to request proof of such insurance.

The court also puts little stock in the facts that R&R did not obtain the National Liability policy immediately after renting the equipment from Gulfco, or that Gulfco did not appear to seek confirmation that R&R obtained the required insurance. Assuming that the parties' actions subsequent to the contract are properly considered by the court, there could be any number of explanations, none of which are in the record, and shed little light on what the parties' intentions were at the time the Gulfco rental agreement was signed.

## CONCLUSION

Because the clear intent of the Gulfco rental agreement was that R&R obtain insurance for Gulfco's benefit, Sentry Select—as Gulfco's subrogee—can maintain a direct action against the insurer, National Liability.

The Magistrate Judge's Report and Recommendation is OVERRULED to the extent that it concluded otherwise in denying Sentry Select's motion for summary judgment and granting National Liability's motion for summary judgment. The court instead grants Sentry Select's motion for summary judgment, which argued that Sentry Select is entitled to a direct action against National Liability, and denies National Liability's motion for summary judgment, which argued that Sentry Select is not entitled to a direct action against National Liability.

The Magistrate Judge's Report and Recommendation is ADOPTED to the extent that it denied R&R Marine's motion for partial summary judgment.

## HOW THE CASE WILL PROCEED

The court entered an Order on September 7, 2011, granting the parties' agreed motion to amend the Scheduling Order and postpone the trial date, in light of Sentry Select's objections to the Magistrate Judge's Report and Recommendation. Doc. # 62. The Order stated that when the objections have been ruled on, the court will notice a status conference to discuss rescheduling the trial date if necessary.

To that end, the parties should submit a joint status report to the court **on or before February 3, 2012** that includes an amended Scheduling Order. The court anticipates setting this case for Final Pre-Trial Conference at 9:00 a.m. on December 3, 2012 and Jury Selection/Trial at 9:00 a.m. on December 4, 2012, so the parties should use these trial dates when creating an amended Scheduling

Order. If the court believes a status conference is necessary upon receipt of the status report, it will set one at that time. Otherwise, the amended Scheduling Order will simply be entered.

So **ORDERED** and **SIGNED** this **26** day of **January, 2012.**

_____
Ron Clark, United States District Judge