** NOT FOR PRINTED PUBLICATION **

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| SENTRY SELECT INSURANCE CO. a/s/o GULFCO INDUSTRIAL EQUIPMENT, INC. AND GULFCO INDUSTRIAL EQUIPMENT L.P., | § § § § § | Civil Action No. 1:10-CV-553 |
| *Plaintiff*, | § § | JUDGE RON CLARK |
| v. | § § | |
| R&R MARINE INC. *et al*, | § § | |
| *Defendants*. | § | |

## ORDER SUSTAINING IN PART OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS

The court referred this matter to United States Magistrate Judge Earl S. Hines for pretrial proceedings, pursuant to a referral order entered on September 13, 2010. On August 4, 2011, the case was reassigned to United States Magistrate Judge Zack Hawthorn.

Between November 2006 and August 2008, Gulfco Industrial Equipment, Inc. and Gulfco Industrial Equipment, L.P. (collectively "Gulfco") leased fourteen pieces of equipment to Defendant R&R Marine, Inc. and its affiliates ("R&R Marine"). Gulfco's somewhat vague lease form required R&R Marine to insure the equipment with a policy that covered Gulfco's interest, and gave Gulfco the right to obtain copies of the policies and even to request additional insurance. Evidently, the leasing business was too profitable for Gulfco to pay attention to such details, and it never bothered to take advantage of these provisions.

R&R Marine did, in fact, obtain insurance from Defendant National Liability & Fire Insurance Co. ("National Liability"). Both R&R Marine and National Liability seem to have chosen to save a few dollars by eschewing legal review of the basic policy—the "Contractor's Equipment (All Risk Form)"—and the numerous Endorsements added over the years. Ultimately, this did not affect R&R Marine, because it collapsed into bankruptcy. Unfortunately for National Liabilty, it has no such easy out.

After the equipment was damaged, Gulfco's own insurer Plaintiff Sentry Select Insurance Co. ("Sentry") paid Gulfco for its loss. Standing in Gulfco's shoes as subrogee, Sentry sued R&R Marine and National Liability in this case. R&R Marine filed for bankruptcy in December 2008, and relief from the automatic stay in the bankruptcy case was granted in December 2010 to allow Sentry to pursue its claims.

Over the course of this case, the parties have filed no fewer than 32 motions for summary judgment, responses, replies, sur-replies, objections to Report and Recommendations, supplements, briefs, and corrected versions of any and all of the foregoing, many with complete or partial copies of documents as exhibits.[1] Judge Hawthorn has shoveled through the majority of this morass, attempting to make sense of convoluted and often self-contradictory arguments. He has now filed his second Report and Recommendations, recommending that the court grant in part Plaintiff Sentry Select Insurance Co.'s ("Sentry") motion for summary judgment. Specifically, he concluded that Endorsement No. 4 provides coverage for the equipment Gulfco leased to R&R Marine, but Sentry is entitled to recover only $324, 870.48. Doc. # 82. Sentry and National Liability both filed objections to/motions for reconsideration of the Report and Recommendations. Docs. # 84, 85.

---

[1] *See, e.g.*, Docs. # 37, 39-41, 43-47, 49, 56-57, 63, 69-78, 81, 84, 86-87, and 90-94.

The court has conducted a careful *de novo* review of the objections to the Report and Recommendation[2] and, based on the relevant pleadings, motions, exhibits, and orders. The court sustains only National Liability's objection regarding Judge Hawthorn's conclusion that the deductible provision does not apply. The deductible amount of $70,000 must be subtracted from Sentry's recovery, meaning that Sentry is entitled to recover is $303,310.48. The court overrules and denies the remainder of National Liability and Sentry's objections and motions for reconsideration.

## Discussion

The parties raise a number of objections to Judge Hawthorn's Report and Recommendations. Counsel—especially National Liability's counsel—apparently believes that by objecting to every single sentence in Judge Hawthorn's Report and Recommendation, he will hit on a meritorious argument.

The court begins from the premise that Endorsement No. 4 to the policy affords coverage to the damaged equipment. No rational objection has been made to this basic idea. The question then becomes to what is Sentry entitled. Sentry asserts that this amount is $1,000,000.00, while National Liability contends that the amount is reduced by: (1) the policy's deductible amount; (2) the policy's reporting requirements; and (3) competing "other insurance" or "excess insurance" clauses in the Sentry-Gulfco and National Liability-R&R Marine policies.

Judge Hawthorn concluded that the amount was not reduced by the policy's deductible amount or reporting requirements—arguments (1) and (2) above—but that Sentry was entitled only to a pro rata share of coverage because of the conflicting "other insurance" clauses—argument (3)

---

[2]On dispositive motions referred to a Magistrate Judge, the court reviews *de novo* any portion of the Magistrate Judge's recommendation to which proper objections have been made. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

above. The court agrees with Judge Hawthorn as to arguments (2) and (3), but respectfully disagrees with respect to argument (1), the deductible amount.

**A.     The language of Policy/Endorsement No. 4 regarding the deductible amount**

Clause No. 1 of the Policy—the Contractor's Equipment (All Risk Form) Policy—contains a table that shows the extent of coverage and deductible for each piece of scheduled equipment. Doc. # 72-1 at Page ID# 952. Clause No. 4 of the Policy states that "[e]ach claim for loss or damage shall be adjusted separately and from the amount of each adjusted claim or applicable limit of liability, whichever is less, the sum of **$5,000.00** dollars on all items valued at or under **$250,000** . . . ." *Id.* (emphasis in original). In accordance with Clause No. 4, the table in Clause No. 1 shows that the deducible is $5,000 for each piece of equipment valued at or less than $250,000. Id. The list in Clause No. 1 was later amended by Endorsement Nos. 1-3. *Id.* at Page ID# 947-49.

Endorsement No. 4 to the Policy, *id.* at Page ID# 944-46, purports to modify the Policy and add the following to "Section D. Deductible":

> With respect to contractor's equipment you lease or rent from others, we will not pay for "loss" in any one occurrence to contractor's equipment which you rent or lease until the amount of loss exceeds the Deducible shown in the above Schedule. We will then pay the amount of loss in excess of the Deducible, up to the applicable Limit of Insurance.

*Id.* at Page ID# 945. Unfortunately, there is no "Section D. Deductible" in the Policy.

Key to this case, the following is stated on Endorsement No. 4 next to the word "Deductible": "$ Per Form." *Id.* National Liability's argument is that Clause No. 4 of the Policy limits Sentry's recovery by $70,000 because each of the 14 pieces of equipment is subject to a $5,000 deductible. Sentry's response is that Clause No. 4 is inapplicable because the Policy and Endorsement No. 4 conflict, insofar as "Section D. Deductible" does not exist.

4

**B.     Judge Hawthorn's Report and Recommendation**

Judge Hawthorn agreed with Sentry, concluding that the Policy and Endorsement No. 4 conflicted irreconcilably, and that in the face of such a conflict, Endorsement No. 4 would govern. *See, e.g., Mid-Continent Cas. Co. v. Bay Rock Operating Co.*, 614 F.3d 105, 115 (5th Cir. 2010).[3] Looking solely at Endorsement No. 4, Clause C states that the deductible for leased equipment is the amount shown in the Endorsement's schedule, and the Endorsement's schedule simply states "$ Per Form." Judge Hawthorn found that to be ambiguous, and construed the language in accordance with case law that states ambiguities favor coverage. *See, e.g., Gilbert Tex. Const., L.P. v. Underwriters at Lloyd's London*, 327 S.W.3d 118, 133 (Tex. 2010).

**C.     Endorsement No. 4 is not ambiguous regarding the deductible amount**

While the court agrees with Judge Hawthorn that the Policy and Endorsement No. 4 do conflict insofar as the Endorsement purports to modify a non-existent Policy provision, the court respectfully disagrees with Judge Hawthorn's conclusion that Endorsement No. 4 is ambiguous. Endorsement No. 4 states that it is "ATTACHED TO AND FORMING PART OF POLICY NO.: HHS 00014 2007" and that it is "attached to and made a part of the policy." Doc. # 72-1 at Page ID# 944. The Contractor's Equipment (All Risk Form), with Clauses No. 1 and 4 regarding the deductible, is part of Policy No. HHS 000142007. Doc. # 72-1 at Page ID# 952. "$ Per Form" is a term used in the Policy itself, Doc. # 72-1 at Page ID# 950, as well as in Endorsement No. 4.

---

[3]"Endorsements to a policy generally supersede and control over conflicting printed terms within the main policy; however, the provisions found in the main policy and endorsement should be construed together unless doing so would negate or render superfluous the additional coverage afforded in the endorsement." (internal quotations omitted; applying Texas law).

In short, taking the fact that Endorsement No. 4 is incorporated into, and meant to be read in conjunction with, the Policy, the term "$ Per Form" is not ambiguous. Giving rational meaning to Endorsement No. 4, it means exactly what it says: that the deductible amount is as set out in the "form," i.e., the Policy and related Endorsements. Endorsement No. 4 cannot be read in a vacuum, without reference to the original Policy. The court will sustain National Liability's objection on this point.

**D.    The remainder of the objections lack merit**

The court overrules the remainder of the objections. Judge Hawthorn's conclusions regarding the reporting requirement was correct. Endorsement No. 4 has two check boxes regarding whether the reporting provisions: "Apply" and "Do not Apply." Doc. # 72-1 at Page ID# 945. Neither of these boxes are checked. National Liability's staff generously chose not to check the "Apply" box on the form, and it is too late for National Liability to now wish they had. R&R's failure to report the leased equipment at issue does not bar Sentry's recovery.

Nor was Judge Hawthorn mistaken in concluding that there are competing "other insurance" provisions in the Sentry-Gulfco and National Liability-R&R policies, and the result of these competing provisions is that Sentry is only entitled to recover a 30.8% pro rated share of the net loss it paid. Sentry raises no rational objection to the contrary.

**E.    How much Sentry is entitled to recover**

When Judge Hawthorn entered his Report and Recommendations, the Sentry-Gulfco policy was not before the court, so he was not able to determine the amount payable to Sentry. National Liability subsequently provided the Sentry-Gulfco policy, which shows that National Liability would

6

be responsible for $324,870.48 (i.e., 30.8% of the net loss of $1,054,774.27 paid by Sentry after reductions for Gulfco's deductible and salvage recoveries).

Having overruled Judge Hawthorn's Report and Recommendation on the deductible point, the court will subtract the deductible amount ($5,000 for each of the 14 pieces of covered equipment, or $70,000) from the net loss paid by Sentry ($1,054,774.27), for a total of $984,774.27. National Liability's pro rated share of that number (30.8%) is $303,310.48.

**Conclusion**

The court therefore sustains in part and grants in part National Liability's objection to and motion for reconsideration of the Report and Recommendation, insofar as the deductible amount of $70,000 must be subtracted from Sentry's recovery. The remainder of National Liability's objection to and motion for reconsideration is overruled and denied, and Sentry's objection to and motion for reconsideration of the Report and Recommendation is overruled and denied.

IT IS THEREFORE ORDERED that Defendant National Liability & Fire Insurance Co.'s Objection to and Motion for Reconsideration of the Report and Recommendation [Doc. # 85] is SUSTAINED IN PART AND GRANTED IN PART. Plaintiff Sentry Select Insurance Co.'s Objection to and Motion for Reconsideration of the Report and Recommendation [Doc. # 84] is OVERRULED AND DENIED. The Report and Recommendation is OVERRULED to the extent that the deductible amount of $70,000 must be subtracted from Sentry's recovery. The Report and Recommendation is ADOPTED in all other respects.

IT IS FURTHER ORDERED that Plaintiff Sentry Select Insurance Co.'s Motion for Summary Judgment [Doc. # 40] is GRANTED IN PART. Sentry is entitled to recover $303,310.48

under the insurance policy between Defendants National Liability Fire Insurance Co. and R&R Marine, Inc.

So **ORDERED** and **SIGNED** this **13** day of **September, 2012.**

_____
Ron Clark, United States District Judge